## Case No. 13,025.

SMITH v. CINCINNATI, H. & D. R. CO.

[2 Cin. Law Bul. 243.]

Circuit Court, S. D. Ohio. 1876.

EQUITY—ADEQUATE REMEDY AT LAW.

A bill in equity, filed in the United States court, must be dismissed where it appears that the plaintiff has a complete remedy at law.

In equity. Plaintiff [Thomas G. Smith] sued as assignee in bankruptcy of M. W. Stone, alleging that said Stone had been lessee of the grain elevator adjacent to the defendant's railroad depot in Cincinnati; that the elevator company and the railroad company had entered into a contract on the 11th day of June, 1862, whereby the railroad company agreed to deliver all grain in bulk "arriving here" over its railroad to the elevator company; that the railroad company violated the agreement by delivering bulk grain directly to consignees, at Brighton station, and in its depot yards. The case came on upon bill and answer. The defendant raised the point of jurisdiction, which is disposed of in the opinion.

Hoadly, Johnson & Colston, for plaintiff.

Matthews, Ramsey & Matthews, for defendant.

SWAYNE, Circuit Justice. My judgment in this case will be confined to a single point. The suit is brought to recover damages for the violation by the defendant of the contract set forth in the bill. No other relief is asked for. This is the sum total of the case as presented in the record. It is therefore in fact an action of assumpsit in the form of a bill in equity. The objection is taken that there is a remedy at law as complete and effectual as can be given by a court of equity. Where this objection is apparent in a court of the United States, such court is bound to recognize it and give it the same effect sua sponte, as if it had been presented by demurrer or otherwise, and insisted upon by counsel. In such cases the defendant has a constitutional right to a trial by jury. The principle is jurisdictional, and he cannot be denied the benefit of its application. Parker v. Woolen Co., 2 Black [67 U. S.] 551; Hipp v. Babin, 19 How. [60 U. S.] 278; Lewes v. Cocks, 23 Wall. [90 U. S.] 469. That this is a proper case wherein to give effect to the objection.

is clear both upon reason and authority. Richmond v. Dubuque & S. C. R. Co., 33 Iowa, 423, 479.

That the complainant has prayed for a discovery and needs it, is no answer, for two reasons: 1. The corporation can only answer by its officers and servants. The same persons, in an action at law, can be served with a subpœna duces tecum and thus be compelled to be present and to have with them the books of the company. Their testimony can thus be readily and fully taken upon a trial at law as in a suit in equity. It would of course be the same in both cases. 2. The act of congress of June 1, 1871 (17 Stat. 197, § 5), requires that "the practice, pleadings, forms and modes of proceeding in civil causes, other than equity and admiralty causes, shall conform as near as may be" to the same things "in the courts of record in the state in which such circuit and district courts are held." The Ohio Code Civ. Proc. § 105 (Seeney's Ed., p. 193) authorizes the plaintiff to file interrogatories with his complaint or declaration, and provides that the defendant may be compelled to answer. Thus, a suit at law would give to the plaintiff all the advantages of a bill of discovery in equity, and at the same time conserve to the defendant the benefit of his constitutional right to a trial by jury. The frame of the bill is perhaps liable to some technical objections, but I do not deem it necessary to consider that subject. Whether well founded or not they are not material to the view which I have taken of the case.

In my judgment the bill must be dismissed. If an action at law shall be instituted, all the depositions taken in this case can probably be read in that proceeding. Greenl. Ev. §§ 553, 554.